**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OFFICE DEPOT, INC., | No. 19-55819 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-02416-SVW-JPR |
| v. | |
| AIG SPECIALTY INSURANCE COMPANY, FKA American International Specialty Lines Insurance Company, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted September 2, 2020
Pasadena, California

Before: SILER,** BERZON, and LEE, Circuit Judges.

Office Depot, Inc. ("Office Depot") appeals the district court's award of

summary judgment in favor of AIG Specialty Insurance Company ("AIG"). We

affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

The district court held that AIG did not have a duty to defend or indemnify Office Depot in a 2011 California False Claims Act lawsuit. The court reasoned that the claims alleged in the underlying lawsuit (*"Sherwin* lawsuit") do not fall within the scope of the relevant insuring agreement and, even if they did, multiple policy exclusions preclude coverage.

We review de novo the district court's decision on cross-motions for summary judgment. *See St. Surfing, LLC v. Great Am. E & S Ins. Co.*, 776 F.3d 603, 607 (9th Cir. 2014). We affirm the district court's decision on the basis that the *Sherwin* lawsuit falls under the "Contract Exclusion."

1. The "Contract Exclusion" of the insurance agreement precludes coverage of any claim "alleging, arising out of or resulting, directly or indirectly, from any liability or obligation under any contract or agreement or out of any breach of contract." This exclusion does not apply to liabilities or obligations "an insured would have in the absence of such contract or agreement." Under California law, the term "arising out of" requires "only a minimal causal connection or incidental relationship." *Travelers Prop. Cas. Co. v. Actavis, Inc.*, 225 Cal. Rptr. 3d 5, 21 (Cal. Ct. App. 2017) ("This broad interpretation of 'arising out of' applies to both coverage provisions and exclusions."). These clauses also exclude coverage of tort claims which could not exist without the relevant underlying contracts. *See Medill v. Westport Insurance Co.*, 49 Cal. Rptr. 3d 570, 578–80 (Cal. Ct. App. 2006)

(holding negligence and breach of fiduciary duty claims against directors were excluded under the contract).[1]

Here, the allegations of the *Sherwin* lawsuit, directly, and indirectly, arose out of Office Depot's contractual obligations under the Master Agreements and USC contract. This suit is based primarily on two contracts between Office Depot and Los Angeles County. In Office Depot's own words "[t]he heart of this suit is the contention that Office Depot overcharged California government entities under the terms of particular contracts." Office Depot's in-house counsel testified that "the claims are related to [Office Depot's] performance or nonperformance under [Office Depot's] government contracts . . . this is a complaint for violation of the False Claims Act, but the claims and the allegations that he made were related to our performance or nonperformance of our government contracts." We conclude, noting the uncomfortable breadth of such contract exclusions, that the allegations in the *Sherwin* lawsuit are premised directly or indirectly on Office Depot's contractual

---

[1] The *Medill* court considered the breach of contract language in the context of coverage provisions. Specifically, the court considered whether the claims in the underlying lawsuit were covered because the policy's definition of a covered "loss" was defined in the policy not to include "damages 'arising out of breach of any contract.'" *Medill*, 49 Cal. Rptr. 3d at 578. Although the present case considers the breach of contract language in the context of an exclusion, as opposed to a definition within the scope of coverage, the court's analysis in *Medill* is still instructive.

obligations and therefore the lawsuit is precluded from coverage under the contract exclusion.

**2.** An insurer's duty to indemnify arises when there is coverage of the claim determined in light of the facts. *See Buss v. Superior Ct.*, 939 P.2d 766, 773 n.10 (Cal. 1997). Based on the analysis of contract exclusion, the *Sherwin* lawsuit is not covered under Office Depot's policy with AIG. Therefore, we conclude that AIG did not have a duty to indemnify Office Depot and affirm the district court. Because there was no duty to defend or indemnify Office Depot, we decline to rule on the other exclusions raised by the insurer.

**AFFIRMED.**